# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ONNETA BRUTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. Civ-19-34-R |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| CORRECTIONS, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 12) filed by Defendants Oklahoma Department of Corrections ("DOC"), Angela York, Don Grigsby, Greg Williams, Millicent Newton-Embry, Patricia Bruton, Tina Hicks, William Monday, and Patricia Ormerod. Plaintiff, appearing *pro se*, responded in opposition to the motion. Upon consideration of the parties' submissions, the Court finds as follows.

Defendants' motion is filed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a case for failure to state a claim upon which relief can be granted. Rule 8(a)(2), in turn, requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, in order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court must accept all factual allegations in the complaint as true, the same is not true of legal

conclusions. *Id.* "[L]abels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to dismiss, the Court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

As to Defendants' 12(b)(1) argument, they do not specifically indicate how the Court lacks subject matter jurisdiction over Plaintiff's claims. Although not raised by Defendants, the Court notes Plaintiff did not include a jurisdictional statement in her Complaint. This absence, however, is not fatal.

> In the instant case, Plaintiff's Complaint is deficient as to the jurisdictional statement. However, under 28 U.S.C. § 1653 defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. If facts giving the Court jurisdiction are set forth in the Complaint, the provision conferring jurisdiction need not be specifically pleaded. *Blue v. Craig*, 505 F.2d 830 (Fourth Cir. 1974); *Williams v. United States*, 405 F.2d 951 (Ninth Cir. 1969).

*Hatridge v. Seaboard Sur.*, 74 F.R.D. 6, 8 (E.D. Okla. 1976). The Court finds the allegations in the Complaint, considered as whole, sufficient to allege federal question jurisdiction, despite the absence of a jurisdictional statement. As set forth herein, Plaintiff sufficiently alleges facts to state a claim against the Department of Corrections under Title VII of the Civil Rights Act of 1964, which supports the existence of federal question jurisdiction under 28 U.S.C. § 1331.

Having concluded the existence of subject matter jurisdiction, the Court turns to Defendants' remaining arguments, mindful that because Ms. Bruton is proceeding *pro se*,

her pleadings are subject to liberal construction. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Despite liberal construction of a *pro se* litigant's pleadings, the Court will not "assume the role of advocate." *Id*.

Plaintiff, a former employee of the Oklahoma Department of Corrections, filed this action alleging violations of Title VII, specifically retaliation because she complained about racial discrimination. (Doc. No. 13, p. 1). Among other allegations, Plaintiff contends that she informed her supervisors that the chairman of the Department of Corrections hiring committee and the department manager altered certain scores so that a white female became the top candidate, to the detriment of higher-scoring Hispanic and African American candidates. Thereafter Plaintiff alleges that she was transferred/demoted and moved to the Central Human Resources Department. The transfer was explained to her as a way to manage "personality differences," which Plaintiff believes were premised on a racially- and gender-biased work environment. Plaintiff alleges her duties were transferred to a younger white female, who lacked the experience to perform the job.

Plaintiff alleges that after her transfer she once again complained about discrimination, this time to the Equal Rights and Responsibilities unit; thereafter she was told she would be moved from an office to a cubicle. Plaintiff further asserts that after her initial internal grievance was dismissed, on October 6, 2017, she was once again re-assigned, which resulted in an increased workload and certain of her duties being assigned to other employees. She perceived this as retaliation. Plaintiff filed an EEOC charge on October 16, 2017 and alleges that, following an unsuccessful mediation through the EEOC, the hostile work environment increased, and her performance was subject to unwarranted

scrutiny. After she informed her supervisor that she intended to file a complaint regarding alleged harassment by Don Grigsby, HR Manager, Plaintiff contends she was subjected to retaliation with regard to leave administration and that she was terminated for false reasons.

Within this framework Defendants seeks dismissal of the Complaint, arguing (1) that Plaintiff has no claim against the individual defendants in their official capacities; (2) individual defendants cannot be liable under Title VII; (3) Plaintiff's Complaint fails to state a claim; (4) the complaint does not comply with Federal Rule of Civil Procedure 8; (5) Plaintiff failed to comply with the Oklahoma Governmental Tort Claims Act; and (6) the State is immune from Plaintiff's ADEA claim. The Court will address these arguments by considering each of Plaintiff's claims in the order listed in the Complaint.

Defendants are correct in noting that Plaintiff's Complaint ends rather abruptly with a list of alleged claims that is difficult to follow and not supported in many cases by the allegations in the Complaint. Within a multi-paragraph section labeled "34" Plaintiff ends with the following, which immediately precedes her prayer for relief:

> The Plaintiff asserts that her rights were violated based upon of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3 and Oklahoma state law; retaliation for having participated in opposition to unlawful discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); violations of the Plaintiff's Fourteenth Amendment right to Equal Protection; violations of the Plaintiff's Fourteenth Amendment right to substantive and procedural due process; violations of the Plaintiff's First Amendment right to freedom of speech; violations of the Fair Labor Standards Act ("FLSA"); failure to pay wages in violation of Oklahoma Protection of Labor Act ("OPLA"); whistleblowing in violation of state law; interference with a prospective economic advantage; and interference with an employment contract; ERISA; blacklisting and defamation[.]

Complaint, Doc. No. 1, p. 27.

Because Defendants challenge the Court's jurisdiction, the Court first queries whether Plaintiff has alleged sufficient facts to support this Court's jurisdiction. It is apparent that Plaintiff is relying on federal question jurisdiction rather than diversity. She is a citizen of Oklahoma suing the state and various employees who are alleged to be residents of the state. Additionally, Plaintiff's Complaint is replete with references to Title VII of the Civil Rights Act. Accordingly, the Court starts with Title VII and proceeds through the claims in the order set forth on page 27 of Plaintiff's Complaint, addressing the various defenses raised as to each claim.

Title VII prohibits an employer from discriminating against anyone because of that person's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In addition to prohibiting discrimination in employment on the basis of race, Title VII prohibits retaliation against a person who asserts rights under the statute. 42 U.S.C. § 2000e-3(a). To state a Title VII discrimination claim, plaintiff must allege that "(1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Plaintiff need not establish these elements to survive a Rule 12(b)(6) motion. *Id*. at 1193. She needs only to allege facts that, if true, plausibly allow a factfinder to conclude that the Department of Corrections violated Title VII.[1] *Id*. To sufficiently plead a claim for

---

[1] Individual defendants cannot be held liable under Title VII and therefore the Motion to Dismiss is GRANTED with regard to Plaintiff's Title VII claim as it relates to the individual Defendants. *See Butler v. City of Prairie Vill., Kan*., 172 F.3d 736, 744 (10th Cir. 1999) (explaining that ADEA and Title VII define "employer" identically and concluding that both "preclude[ ] personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition").

retaliation Plaintiff must allege that (1) she engaged in protected opposition to discrimination, (2) she was subjected to a materially adverse employment action, and (3) a causal connection existed between the protected activity and the adverse action. *Vaughn v. Epworth Villa*, 537 F.3d 1147, 1150-51 (10th Cir. 2008).

One method for a plaintiff to plead a claim for race discrimination under Title VII is to plead facts showing: (1) that she is a member of a protected class; (2) that she suffered an adverse employment action, and (3) that similarly situated employees were treated more favorably. *Carney v. City and Cnty. of Denver*, 534 F.3d 1269, 1273 (10th Cir.2008); *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir.2005). Plaintiff alleges that she is African American, that she was qualified to perform her job and was performing her job in a satisfactory manner, but despite her record, she was terminated and replaced by a white female. Plaintiff also alleges factual circumstances where she believes she was treated differently than white colleagues, in particular as it related to having to substantiate that her aunt had died in order to obtain leave. The Court finds that Plaintiff's Title VII claim is supported by sufficient factual allegations to avoid dismissal of her race discrimination claim against the Department of Corrections. Therefore, Defendant's motion in this regard is DENIED.

Additionally, Plaintiff's Complaint sufficiently alleges a claim for retaliation in violation of Title VII against the Department of Corrections. Plaintiff alleges that she informed her supervisor and the human resources manager that the chair of the hiring committee made changes in the scoring of candidates for a position at the Department of Corrections; a white female's score was adjusted such that it appeared she scored higher

6

than a Hispanic and two African American candidates. Plaintiff further asserts that she complained about the suspicious scoring method, and as a result, she was targeted, including a transfer to the Central Human Resources Department.[2] These allegations are sufficient to allege that Plaintiff engaged in protected activity, specifically she opposed a practice made unlawful by Title VII, discrimination in hiring, and shortly thereafter she was demoted.[3]

To the extent Plaintiff is attempting to plead a hostile work environment claim under Title VII, she has failed to state a claim. To plead a hostile work environment on the basis of race, the Complaint must include factual allegations that: (1) she was subject to unwelcome harassment, (2) the harassment was based on her race, and (3) the harassment was so severe or pervasive that it changed the terms, conditions, or privileges of her employment and created an abusive work environment. *Unal v. Los Alamos Public Schools*, 638 F. App'x 729, 735–36 (10th Cir. 2016). Hostile work environment claims require a plaintiff to allege facts showing "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)(internal quotation marks and citation omitted). Plaintiff makes no specific allegations that she was subjected to racial harassment, that is, statements related to her race, and certainly nothing sufficiently severe

---

[2] Plaintiff alleges that she was asked by Travis Clerk, a Human Resource Management Specialist, if it had been worthwhile to speak up about the illegal activity given the harassment and retaliation to which she was subjected.

[3] "Even if no actionable discrimination took place, a plaintiff can still avoid dismissal if her allegations are sufficient to allege that she had a good faith belief that her employer's actions violated Title VII. *See Clark v. Cache Valley Elec. Co.*, 573 F. App'x 693, 700-01 (10th Cir. July 25, 2014).

and pervasive as to constitute a hostile work environment. Therefore, to the extent Plaintiff intended to plead a hostile work environment claim, her Complaint fails to do so, and the claim is DISMISSED.

Plaintiff asserts that the alleged discrimination on the basis of race violated Oklahoma's anti-discrimination law, presumably intending to rely on the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25 § 1101 *et seq.* The State, of which the Department of Corrections is an arm, has not waived its Eleventh Amendment immunity, and accordingly, to the extent Plaintiff is relying on the OADA, her claim against the Department of Corrections cannot proceed in federal court and is subject to dismissal.

Plaintiff also purports to assert a retaliation claim under the Age Discrimination in Employment Act ("ADEA"). As noted by Defendants in the Motion to Dismiss, nothing in the ADEA abrogated the states' sovereign immunity, or that of state officials sued in their official capacity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("We hold ... that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."). Additionally, as noted above, the ADEA does not contain a provision permitting individual liability *See Butler,* 172 F.3d at 744. Accordingly, Defendants' Motion to Dismiss is GRANTED with regard to Plaintiff's ADEA claim.

Plaintiff's claims that her rights under the First and Fourteenth Amendment were violated are also subject to dismissal. Plaintiff does not identify which Defendants she seeks to hold liable for the alleged violation of her constitutional rights. 42 U.S.C. § 1983 is the mechanism for asserting violation of the Constitution. *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the

deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). To the extent Plaintiff is seeking to hold the Department of Corrections liable for allegedly violating her constitutional rights, the claim could not succeed because Congress did not abrogate states' Eleventh Amendment immunity in enacting 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979), *overruled on other grounds, Hafer v. Melo*, 502 U.S. 21 (2001). Further, Plaintiff does not allege that the State of Oklahoma waived its Eleventh Amendment immunity. Finally, "[i]t is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 F. App'x 445, 446 (10th Cir. 2006). Accordingly, to the extent Plaintiff seeks to recover from the Department of Corrections or any of the individual Defendants, in their official capacities, under § 1983, they are not "persons" and any such claim would be subject to dismissal.

To the extent Plaintiff is attempting to allege a claim against an individual Defendant in his or her individual capacity, she fails to sufficiently identify which Defendant allegedly violated which of her constitutional rights. Where multiple defendants are involved, "[i]t is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quoting *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008). Additionally, individual defendants are generally entitled

to assert the defense of qualified immunity at the motion to dismiss stage—and successively thereafter, each time with a right to an interlocutory appeal; therefore, it is especially important that the complaint make specific allegations regarding who did what to whom. Plaintiff's claims that her rights under the First and Fourteenth Amendments were violated are therefore DISMISSED.

Plaintiff's next listed claims assert violations of the Fair Labor Standards Act ("FLSA") and the Oklahoma Protection of Labor Act. The FLSA permits an employee to bring an action for unpaid minimum or overtime wages. 29 U.S.C. § 216(b). Plaintiff does not allege that she was not paid minimum wage, nor does she allege that she worked more than forty hours in any workweek but was denied overtime compensation despite being entitled thereto. Therefore, her FLSA claim is DISMISSED. Plaintiff's claim under the Oklahoma Protection of Labor Act, Okla. Stat. tit. 40 § 165.1 *et seq.* is subject to dismissal because the Department of Corrections, an arm of the State, is entitled to sovereign immunity on the claim. Additionally, nothing in Plaintiff's Complaint alleges facts that would bring her claims under the provisions of the Act, which provides relief when an employer fails to pay an employee's wages due at the next regular pay day after termination. Plaintiff's OPLA claim is DISMISSED.

Plaintiff lists a whistleblowing claim under state law, again without identifying which of the Defendants she seeks to hold liable under this theory. Oklahoma has a Whistleblower Act, Okla. Stat. tit. 74 § 840-2.5, designed to "encourage and protect the reporting of wrongful governmental activities and to deter retaliation against state employees for reporting these activities." *Id.* at § 840-2.5(a). Enforcement of the Act is

delegated to the Merit Protection Commission and exhaustion of available remedies is mandated in most circumstances. Okla. Stat. tit. 74 § 840-2.6.

> In addition to prohibiting officers and employees of state agencies from taking disciplinary action against whistleblowers, the Legislature has provided two measures to ensure the purpose of the Whistleblower Act is carried out generally and in specific cases. The Legislature has provided (1) an appeal with the Oklahoma Merit Protection Commission to any state employee or former state employee aggrieved pursuant to this section, and (2) corrective action against any employee found to have violated the Whistleblower Act. 74 O.S. Supp.2008 § 840–2.5(G) and (H).

*Shephard v. Compsource Okla.*, 209 P.3d 288, 291 (Okla. 2009). In *Shephard,* the Oklahoma Supreme Court found that "the remedies ... provided in the Act were sufficient to protect the statutory public policy." *Id*. at 292. "Where a statutory remedy exists that is sufficient to protect the Oklahoma public policy goal, an employee has an adequate remedy that precludes resort to a tort cause of action to redress a termination in violation of the public policy." *Id*. at 293. Pursuant to Okla. Stat. tit 74, §§ 840–2.5(G) and (H), plaintiff had a right to file her complaint with the MPC and if she disagreed with the Commission's ruling she could seek reconsideration thereof and then judicial review of any unfavorable decision. See Okla. Stat. tit. 75 §§ 317-318. Plaintiff does not allege she chose to pursue relief from the Commission and accordingly, the Court dismisses her whistleblowing claim.

Plaintiff lists two similar claims next, tortious interference with a prospective economic advantage and with a contract. Plaintiff's allegations do not include a reference to any contract, employment or otherwise, nor does she identify who allegedly interfered with any such contract. Accordingly, this claim is DISMISSED. Similarly, Plaintiff does

11

not identify which Defendant she seeks to hold liable for allegedly interfering with her prospective economic advantage, which presumably is intended to refer to her continued employment with the Department of Corrections.

Next in Plaintiff's litany of claims is reference to ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. Plaintiff does not allege any facts in her Complaint regarding the Department of Corrections employee benefit plan. More fundamentally, however, employee benefit plans established by governmental entities are exempt from ERISA. 29 U.S.C. § 1003(b)(1); *see also* 29 U.S.C. § 1002(32) (2000) (defining a governmental plan to include a plan established or maintained by a state government or any political subdivision thereof). Accordingly, Plaintiff's ERISA claim is dismissed.

Plaintiff also purports to allege a claim for blacklisting, presumably under Okla. Stat. tit. 40 § 172, which provides:

> No firm, corporation or individual shall blacklist or require a letter of relinquishment, or publish, or cause to be published, or blacklisted, any employee, mechanic or laborer, discharged from or voluntarily leaving the service of such company, corporation or individual, with intent and for the purpose of preventing such employee, mechanic or laborer, from engaging in or securing similar or other employment from any other corporation, company or individual.

Plaintiff does not identify which of the many Defendants allegedly engaged in blacklisting, nor does she identify any facts that would support such a claim. Accordingly, her claim for blacklisting is hereby DISMISSED.

Further, Plaintiff's defamation claim is also subject to dismissal. To plead a claim for defamation Plaintiff must plead facts from which the Court can infer that a Defendant

or Defendants: (1) made a false statement about her; (2) that was not privileged; (3) that was published; and (4) that "[t]ends directly to injure [Plaintiff] in respect to [her] office, profession, trade or business." Okla. Stat. tit. 12, § 1442. Because Plaintiff has not parsed out her claims sufficiently as to each Defendant, the Court cannot discern which Defendant allegedly made a defamatory statement about Ms. Bruton, nor ascertain which defendant she seeks to hold liable for the alleged defamatory statements. Plaintiff's defamation claim fails to meet the pleading standards set forth in Rule 8 and accordingly, her defamation claim is hereby DISMISSED.

Finally, to the extent any of Plaintiff's state law claims fall under the Governmental Tort Claims Act, Plaintiff fails to establish that she filed the required notice of tort claim that must be presented to the State within one year from the date of loss.

> [C]laims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

Okla. Stat. tit. 51, § 156(B). Plaintiff alleges that her employment was terminated on January 9, 2017. Plaintiff appends a Notice of Tort Claim to her Response to the Motion to Dismiss. (Doc. No. 13-1). The Notice is dated June 21, 2019, and asserts therein "Date of Incidents" "in or around August 2017 to June 21, 2018." *Id.* at p. 1. The date of loss with regard to termination of employment is the date of termination, that is January 9, 2018, as alleged by Plaintiff. *See Zachary v. State ex rel. Dept. of Corrections*, 34 P.3d 1171, 1173 (Okla. Civ. App. 2001). Accordingly, any of Plaintiff's claims stemming from her

termination or actions before her termination that fall within the scope of the GTCA are barred and dismissal is appropriate.

For the reasons set forth herein, the Defendant's Motion to Dismiss is GRANTED with regard to all claims and all Defendants except the Department of Corrections and Plaintiff's Title VII race discrimination and retaliation claims.

**IT IS SO ORDERED this** 29th day of July 2019.

*/s/ David L. Russell*
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**